UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL 813
I.B.T. PENSION TRUST FUND AND THE
LOCAL 813 AND LOCAL 1034 SEVERANCE      REPORT AND
TRUST FUND,                             RECOMMENDATION
                                        06 CV 3386 (FB)(RML)

                              Plaintiffs,

    -against-

CHINATOWN CARTING CORP.,

                              Defendant.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated December 15, 2006, the Honorable Frederic Block, United States District Judge, granted plaintiffs' motion for entry of a default judgment against defendant Chinatown Carting Corp. and referred this matter to me to conduct a damages inquest and issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I respectfully recommend that plaintiffs be awarded a total of $146,525.30.

## BACKGROUND AND FACTS

       Plaintiffs filed this action in July 2006 under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §§ 502(e)(1) and (f) and 1132(e)(1) and (f), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs Trustees of the Local 813 I.B.T. Insurance Trust Fund, the Local 813 I.B.T. Pension Trust Fund, and the Local 813 and Local 1034 Severance Trust Fund (collectively, the "Funds") are employee benefit plans within the meaning of Sections 3(21) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1132(d)(1), and jointly-administered multi-employer plans within the meanings of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Funds are established and maintained pursuant to

a collective bargaining agreement and are authorized to maintain suit as independent legal entities pursuant to ERISA, 29 U.S.C. § 1132(d)(1). (Complaint, dated July 12, 2006 ("Compl."), ¶ 6.)

Defendant Chinatown Carting Corp. ("defendant" or "Chinatown") is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and Sections 3 and 515 of ERISA, 29 U.S.C.§§ 1002 and 1145. (Id. ¶ 4.) Chinatown has authority and control over the submission of payments and reports to the Funds.

After defendant failed to appear in this action, Judge Block granted plaintiffs' motion for a default judgment and referred the issue of damages to me. By order dated December 27, 2006, I directed the parties to file written inquest submissions. After receiving an extension of time, plaintiffs filed an affidavit dated March 13, 2007, supporting their requests. (See Affidavit of Michael Spiatto, dated Mar. 13, 2007 ("Spiatto Aff.")). However, defendant again failed to respond.

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of New York City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). Plaintiffs request a judgment for unpaid fringe benefit contributions for July 2004 through January 2007, interest, liquidated damages, and attorney's fees and costs, pursuant to the collective bargaining agreement (the "Agreement") entered into between Chinatown and the Union. (See Compl., Ex. A.)

# DISCUSSION

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the Funds to recover

> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of -
> > (i) interest on the unpaid contributions
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by defendant, and
> (E) such other legal or equitable relief as the court deems appropriate

Each of these will be addressed in turn.

A. *The Unpaid Contributions*

According to plaintiffs' collection manager, Michael Spiatto, the amount due in unpaid fringe benefit contributions for the insurance fund is $78,492.75, the amount due for the pension fund is $29,982, and the amount due for the severance fund is $13,338, for a total of $121,812.75. (Spiatto Aff.)[1] I have reviewed these calculations carefully, and I respectfully recommend that plaintiffs be awarded $121,812.75 in unpaid contributions.

B. *Interest on the Unpaid Contributions*

Section 1132(g)(2) of ERISA provides that "[i]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C.A. § 1132 (1999). In turn, § 6621(a)(2) provides that, in instances of underpayment, the rate of interest is the federal short-term rate plus three percentage

---

[1] Mr. Spiatto's affidavit only notes, for each fund, the total of the amount of unpaid contributions plus liquidated damages (as opposed to listing separately the sums due for the contributions and the liquidated damages). In addition, there were errors in Mr. Spiatto's calculations. Accordingly, the court has performed its own independent calculations.

points. Interest under § 6621 is compounded. 26 U.S.C. § 6622(a). See also Russo v. Unger, 845 F. Supp. 124, 128-29 (S.D.N.Y. 1994). Here, the Agreement does not provide an interest rate (see Spiatto Aff., Ex. A), but plaintiffs request interest totaling $1,340. (See Affirmation of Arthur A. Hirschler, Esq., dated Aug. 21, 2006 ("Hirschler Aff."), ¶ 6.) Although plaintiffs' counsel does not explain how that sum was achieved, $1,340 equals approximately one percent (1%) of the unpaid contributions. Since one percent is a significantly lower interest rate than the one that would apply under 26 U.S.C. § 6621, I respectfully recommend that plaintiffs' request be granted and that they be awarded $1,340 in interest.

C. *Liquidated Damages*

The Agreement calls for liquidated damages equaling twenty percent (20%) of the total amount owing. (See Spiatto Aff., Ex. A ¶ 23.) In this case, the total amount of the late payments was $121,812.75, and twenty percent of that amount is $24,362.55.[2] I therefore respectfully recommend that plaintiffs be awarded $24,362.55 in liquidated damages.

D. *Attorney's Fees and Costs*

As the prevailing party, plaintiffs move pursuant to 29 U.S.C. § 1132(g)(2)(D) for attorney's fees and costs. In the Second Circuit, a party seeking an award of attorney's fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). In the present case, although plaintiffs' attorney

---

[2] Plaintiffs provided a Delinquent List for all liquidated damages due July 2004 through January 2007. (See Spiatto Aff., Exs. A-T) Although Mr. Spiatto did not calculate the aggregate sum, the calculations yield a total of $27,727. Since that sum is significantly more than twenty percent (20%) of the total amount, I have substituted the court's calculation.

claims to have worked at least twenty-five (25) hours on this matter (see Hirschler Aff. ¶ 6), he has failed to submit any supporting documentation. See Carey, 711 F.2d at 1147 ("There is no excuse for the sparse documentation that accompanied . . . plaintiffs' . . . application for attorneys' fees."); In re Hudson & Manhattan RR Co., 339 F.2d 114, 115 (2d Cir. 1964) ("[A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent . . . . There is no excuse for an established law firm to rely on estimates . . . almost entirely unsupported by daily records or for it to expect a court to do so."). Furthermore, plaintiffs' attorney makes three separate requests for attorneys' fees, each following a different calculation and arriving at a different sum.[3] Without proper documentation and support, this court cannot evaluate counsel's request. I therefore respectfully recommend that plaintiffs' request for attorney's fees be denied.

Plaintiffs also seek costs in the amount of $350. (Spiatto Aff. at 7.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363

---

[3] In his Affirmation dated August 21, 2006, plaintiffs' attorney requested twenty percent (20%) of the unpaid contributions, or $17,886. (See Hirschler Aff.). In his Affirmation dated March 13, 2007, counsel claimed that he spent at least twenty-five (25) hours on this case, with a billing rate of $250 per hour, equaling $6,250. (Affirmation of Arthur A. Hirschler, Esq., dated Mar. 13, 2007, ¶ 6.) In the following paragraph he then stated that, although his hours amount to approximately $6,250, he believes "that 10% of the outstanding balance or $14,963.00 is reasonable under the circumstances." (Id. ¶ 7.) At no point has counsel made any attempt to clarify or reconcile these inconsistencies.

(S.D.N.Y. 1990), aff'd in part, rev'd in part on other grounds, 961 F.2d 390 (2d Cir. 1992), cert. granted, judgment rev'd on other grounds sub nom., Pearson v. Planned Parenthood Margaret Sanger Clinic (Manhattan), 507 U.S. 901 (1993).  Here, the expenditures are apparently for filing fees, and I find the amount reasonable.  I therefore respectfully recommend that plaintiffs be awarded $350 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs be awarded $123,152.75 in unpaid fringe benefit contributions and interest, $24,362.55 in liquidated damages, and $350 in costs, for a total judgment of $147,865.30.

Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Block and the undersigned, within ten (10) business days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: Brooklyn, New York
      June 29, 2007

>
> Respectfully submitted,
>
> _____/s/_____
> ROBERT M. LEVY
> United States Magistrate Judge