ORIGINAL

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL 813
I.B.T. PENSION TRUST FUND and THE
LOCAL 813 AND LOCAL 1034 SEVERANCE
TRUST FUND,
                                                MEMORANDUM AND ORDER
                    Plaintiffs,                 Case No. 06-CV-3386 (FB) (RML)
        -against-

CHINATOWN CARTING CORP.,

                    Defendant.
-----------------------------------------------------------x
```

*Appearances:*
*For the Plaintiffs:*
ARTHUR A. HIRSCHLER, ESQ.
Finkel Goldstein Berzow
Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004

**BLOCK, Senior District Judge:**

On June 29, 2007, Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R & R") recommending that default judgment be entered against the defendant and that plaintiffs be awarded $123,152.75 in unpaid fringe benefit contributions and interest, $24,362.55 in liquidated damages and $350.00 in costs, for a total judgment of $147,865.30. The R & R states that "[a]ny objections this [R & R] must be filed with the Clerk of the Court . . . within ten (10) business days," and that "[f]ailure to file objections within the specified time waives the right to appeal the district court's order." R & R at 6. Plaintiff served a copy of the R & R on the defendant and its principals by mail on July 18, 2007, *see* Docket Entry No. 14 (Affidavit of Service), making objections due by August 6, 2007. *See* Fed. R. Civ. P. 6(a), 6(e). To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

As no error appears on the face of the Magistrate Judge Levy's R & R, the Court adopts it without *de novo* review. The Clerk is directed to enter judgment to the extent permitted by the R & R.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 22, 2007